ENTERED - SOUTHERN
CLERK, U.S. DISTRICT
NOV - 6 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

"O"

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.
DATED: 11/6/08
_____
DEPUTY CLERK

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION
NOV - 6 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID A. YASSIN,<br><br>   Petitioner,<br><br>vs.<br><br>MR. F. HAWS, Warden,<br><br>   Respondent. | Case No. EDCV 08-640-CJC (RNB)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

   Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. Objections to the Report and Recommendation have been filed by petitioner through his newly retained counsel, and the Court has made a de novo determination of those portions of the Report and Recommendation to which objections have been made.

   1. <u>Petitioner's objections to the Magistrate Judge's finding and conclusion that Grounds one, two and four of the Petition are not cognizable on federal habeas review</u>

   The Court concurs with the Magistrate Judge that these claims, as alleged in the Petition, are not cognizable on federal habeas review because petitioner failed to

allege that the purported instructional errors set forth in Grounds one, two, and four of the Petition violated his federal constitutional rights. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Smith v. Phillips, 455 U.S. 209, 221, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). Moreover, as noted by the Magistrate Judge, when petitioner raised in his state court filings (including his California Supreme Court Petition for Review ) claims corresponding to the claims set forth in Grounds one, two, and four of the Petition, petitioner also failed to allege that the purported instructional errors violated his federal constitutional rights. Nor did petitioner cite in his state court filings any federal cases in support of any of those claims (as he did when he raised the instructional error claim corresponding to Ground three of the Petition). Thus, even if the Court were inclined to credit petitioner's dubious contention that the mere listing of Grounds one, two, and four in ¶ 7 of the habeas form is sufficient to qualify them as federal constitutional claims, the Court would be compelled to find that all three claims are unexhausted. See, e.g., Gray v. Netherland, 518 U.S. 152, 162-63, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."); Anderson

v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts, . . . or that a somewhat similar state-law claim was made."); Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) ("[T]he petitioner must make the federal basis [of the claim] explicit either by citing federal law or the decisions of federal courts, even if the federal basis of a claim is 'self-evident,' or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds."), as amended by 247 F.3d 904 (9th Cir. 2001). Consequently, habeas relief would be barred on those claims by 28 U.S.C. § 2254(b).

    2.    <u>Petitioner's objections to the Magistrate Judge's finding and conclusion that habeas relief is not warranted with respect to the instructional error claim alleged in Ground three of the Petition</u>

Petitioner's objections are nonresponsive to the Magistrate Judge's reasoning for denying this claim, which was: (a) petitioner's claim, as set forth, was not that due process was violated when the trial court failed to instruct the jury sua sponte on his theory of defense, but rather that the trial court's failure to instruct the jury on petitioner's theory of defense unconstitutionally shifted the burden of proof; (b) the fact that the jury was not instructed on the defense theory of accident did not lessen the prosecution's burden of proving that petitioner was guilty of violating Cal. Penal Code § 273.5 because the jury was instructed pursuant to CALJIC No. 9.35 regarding the elements supporting a violation of Cal. Penal Code § 273.5, as well as on the presumption of innocence and burden of proof, and jurors are presumed to have followed the instructions given to them; (c) the Court of Appeal's usage of harmless error analysis in rejecting this instructional error claim was not contrary to clearly established Supreme Court law and thus, even assuming that the trial court erred in failing to instruct the jury on the defense of accident as a matter of clearly established Supreme Court law, petitioner still would not be entitled to habeas relief unless the

California Court of Appeal applied harmless error review in an "objectively unreasonable" manner; and (d) the Court of Appeal did not apply harmless error review here in an objectively unreasonable manner. The Court concurs with and adopts the Magistrate Judge's reasoning, findings, and conclusions with respect to this claim.

      3.    <u>Petitioner's objections to the Magistrate Judge's finding and conclusion that habeas relief is not warranted with respect to petitioner's ineffective assistance of counsel claim(s)</u>

Petitioner's objection to the Magistrate Judge's finding and conclusion with respect to petitioner's ineffective assistance claim based on counsel's failure to object to hearsay statements is predicated on the proposition that the California Court of Appeal erred in finding that Ms. Espinosa's statement was admissible as a prior inconsistent statement under Cal. Evid. Code §§ 770 and 1235. However, the Court concurs with the Magistrate Judge that this federal habeas court is bound by and may not revisit the California Court of Appeal's determination that as a matter of California law, Espinosa's statements were admissible at trial through Camilla and/or Officer Teplansky. See Bradshaw v. Richey, 546 U.S. 74, 76, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005). The Court further concurs with the Magistrate Judge that, precisely because the statements were admissible under California law, there is no basis here for finding or concluding that petitioner's counsel was ineffective in failing to object to the statements at trial since the failure to make a futile objection does not constitute ineffective assistance of counsel. See, e.g., James v. Borg, 24 F.3d 20, 27 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Morrison v. Estelle, 981 F.2d 425, 429 (9th Cir. 1992), cert. denied, 508 U.S. 920 (1993).

To the extent that petitioner's objections are intended to encompass an objection to the Magistrate Judge's finding and conclusion with respect to petitioner's ineffective assistance claim based on counsel's failure to object to the trial court's

failure to define "willful" in CALJIC No. 9.35 and/or give CALJIC No. 1.20, the Court concurs with the Magistrate Judge that petitioner has not met his burden of showing a reasonable probability that the outcome of the trial would have been different had the jury been specifically instructed on the meaning of "willful." This ineffective assistance claim therefore fails.

Petitioner's conclusory objection to the Magistrate Judge's finding and conclusion with respect to petitioner's ineffective assistance claim based on counsel's failure to request instruction pursuant to CALJIC No. 4.45 (mistake or accident) is nonresponsive to the Magistrate Judge's reasoning for denying this claim. The Magistrate Judge reasoned that petitioner had failed to meet his burden of showing that, but for his counsel's alleged deficient performance, there is a reasonable probability that the outcome of the trial would have been different. The Magistrate Judge noted in this regard that both counsel had discussed the accident defense during closing argument, the jury knew that petitioner had to be acquitted if he did not intend to inflict corporal injury on Alba, and the accident defense was not credible. The Court concurs with and adopts the Magistrate Judge's reasoning, findings, and conclusions with respect to this ineffective assistance claim.

Finally, petitioner's conclusory objection to the Magistrate Judge's finding and conclusion with respect to petitioner's ineffective assistance claim based on counsel's failure to request instruction on lesser included offenses again is nonresponsive to the Magistrate Judge's reasoning for denying this claim. The Court concurs with the Magistrate Judge that the record is clear that defense counsel made a tactical decision to not seek instruction on any lesser included offenses. The Court also concurs with the Magistrate Judge that, in light of the fact that defense counsel argued in closing that Alba's injuries were the result of an accident that followed an argument between her and petitioner and that the prosecution could not prove petitioner's conduct was willful, instruction on lesser included offenses would, indeed, have been inconsistent with the defense's position that petitioner was not criminally liable. Accordingly, the

Court concurs with the Magistrate Judge's finding that counsel's decision to not seek instruction on lesser included offenses constituted sound trial strategy under the circumstances of the case. This ineffective assistance claim therefore also fails.

4.  <u>Petitioner's objection to the Magistrate Judge's finding and conclusion that petitioner's request for an evidentiary hearing should be denied</u>

As noted by the Magistrate Judge, in habeas proceedings, "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record." <u>Totten v. Merkle</u>, 137 F.3d 1172, 1176 (9th Cir. 1998). Here, the Magistrate Judge was able to resolve all of petitioner's claims by reference to the state court record. The Court concurs with the Magistrate Judge that there was no need for an evidentiary hearing.

Thus, having made a <u>de novo</u> determination of those portions of the Report and Recommendation to which objections have been made, the Court approves and adopts the findings, conclusions, and recommendations of the Magistrate Judge. Accordingly, IT IS HEREBY ORDERED that petitioner's request for an evidentiary hearing is denied and that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: *November 4, 2008*

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE